**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

**MARGARET JEAN SMITH,**

      **Plaintiff,**

**vs.**                             **CIVIL ACTION NO. 5:24-CV-00015**

**DEPT OF JUSTICE, *ET AL.*,**

      **Defendants.**

**<u>PROPOSED FINDINGS AND RECOMMENDATION</u>**

Pending before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1)[1] By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3) Having examined the amended complaint[2] (ECF No. 6), the undersigned concludes that this case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) which provides that the Court shall dismiss the case of a person

---

[1] Although the Plaintiff indicates she has $2,000.00 in cash, savings, or checking account, given the allegations contained in her amended complaint, the pre-screening requirements under 28 U.S.C. § 1915(e)(2)(B)(ii) did not warrant an order that this this particular Plaintiff should submit the appropriate filing fees.

[2] The undersigned directed the Plaintiff to file an amended complaint to identify those individuals she alleged violated her civil rights (ECF No. 5). However, upon review of her amendment, there appears no cognizable claim for relief, and the undersigned has no confidence that this particular litigant will be able to comply with additional instructions given the scattershot of questionable, if not delusional, issues raised in the amended complaint, notwithstanding the new inclusion of the two named defendants in this case. Moreover, the undersigned reviewed prior complaints filed by this litigant that involved similar, if not identical, allegations, wherein she was previously provided an opportunity to amend, but she still failed to state any cognizable claim for relief (see, e.g., *Margaret Jean Smith v. United States of America, et al.,* civil action number 5:21-cv-00677). It is further noted that the Court adopted the undersigned's proposed findings and recommendation for disposition in that prior action (<u>Id.</u>; ECF No. 12). Another action before this Court pending appeal mirrors the allegations the Plaintiff has set forth herein (see *Margaret Jean Smith v. Government, et al.*, civil action number 5:22-cv-00310; see also, *Margaret Jean Smith v. US Federal Government Agencies, et al.,* civil action number 5:22-cv-00154).

proceeding *in forma pauperis* at any time if the Court determines that the action fails to state a claim for which relief can be granted.[3]

### Plaintiff's Allegations

In her amended complaint, the Plaintiff names the following Defendants: (1) "Jeff Sandy – Homeland Security, retired, W Va Homeland Security, 47th Pl, Vienna, W Va 26105-3179, 304-834-3773"; (2) "Federal Homeland Security, Charleston, Kanawha, WV 25301, 304-352-2410"; (3) "Stephanie Renee McComas, worked for Federal Homeland Security, Piper St, Beckley, Raleigh, W Va 25801, 304-890-9267" (ECF No. 6 at 2).

The Plaintiff indicates the basis for federal court jurisdiction is based upon a federal question: "42 U.S.C. Code 1983"; and "28 U.S.C. § 1331" (Id. at 3)

From the undersigned's review of the Plaintiff's prior civil actions filed in this District[4], it appears that she continues to make similar if not identical claims she initially set forth in her earlier complaints. Although the Plaintiff's current complaint contains numerous past grievances that this Court is now quite familiar with, she also alleges some more recent events, as well as some new allegations, in an attempt to bolster her current claims. However, the gravamen of the Plaintiff's current allegations again concern a "conspiracy" against her that has been ongoing since 1993 through the present year. She alleges violations to her civil rights, privacy and human rights violations, being prevented from obtaining a lawyer, slander and medical care damages, mental anguish, among many other things (ECF No. 6-1). She demands 200 million total, ostensibly from each Defendant, as "treble damages" for mental anguish "due to stress under investigated [*sic*] for

---

[3] Because the Plaintiff is proceeding *pro se*, the documents she filed in this case are held to a less stringent standard than had they been prepared by a lawyer, therefore, they are construed liberally. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972).

[4] See footnote 2, *supra*.

30 years human rights"; "slander punitive damages 50 million" due to being "put into my record that I worked for Russia & China as [an operative] for 30 years is why they kept case open" and "the reason of 30 yrs of [surveillance] on me . . . But they were getting rich off of my ideas and made 1000 patents over 15 years"; 50 million in "medical damages – over 30 years from stress and Mr. Wray, Director sold my private information to outside companies over the 30 years"; being "unable to work – 50 million"; being kept from obtaining an attorney; being tracked on her phone, having her home and car "bugged", as well as having hearing and tracking devices being implanted in her teeth, ear, and left shoulder (Id., *passim*).

The Plaintiff has alleged many instances of misconduct against Defendant Jeff Sandy, including but not limited to: that he "kept me from any money compensation during the investigation in to organize[d] crime" (Id. at 1); that "Mr. Sandy listen[ed] to every phone call and over the 25 years" (Id.); that "Mr. Sandy ran statute of limitation out on me filing anything they filed money on me from Gambino investigation and kept the money" (Id. at 2); and "I want charge brough[t] against him now . . . [b]ut our governor is good friends with him and the governor of W Va police is now over the State Police now, I dou[b]t anything will happen without your help to prosecute" (Id. at 18).

Regarding Defendant Stephanie Renee McComas[5], again the Plaintiff lodges numerous instances of misconduct, including, but not limited to: that she "violated my civil rights by keeping me from filing a law suit to get money from my civil rights against Jeff Sandy and the State & Federal Homeland Security" (Id. at 7); that "my daughter [k]new that homeland security placed a tracking device on my left shoulder" (Id.); that she ostensibly violated the Plaintiff's civil rights by tracking her phone and attached the Plaintiff's ATT account with her own (Id. at 7-8); that she

---

[5] Though not entirely clear, the Plaintiff appears to suggest that this particular Defendant is her daughter.

"got into my banking account and John Randills bank account I was guardian over his account. My daughter over 5 years withdrew his money and deposit[ed] into my checking account to make it look like I had stolen his money and misused his money" (Id. at 8); that she closed the Plaintiff's Amazon account (Id. at 8-9); that she went to the Plaintiff's medical doctor in Charleston to have her sign off on a medical power of attorney and "found a judge to do it without my knowledge" (Id. at 9); that she obtained control over the Plaintiff's mother's estate money by way of an "illegal" filing in Washington, D.C. (Id.); that "Pat Fragile, Stephanie's step-mother's uncle file claim on my flat screen tv and got the royalties by filing illegal papers over me" (Id.); that with Mr. Fragile's help, Ms. McComas obtained a patent and was "name[d] the inventor of the flat screen TV and received royalties illegally" (Id. at 10); that "my daughter put hearing devices in my home" (Id.); and that Ms. McComas, along with Mr. Fragile and Homeland Security, prevented the Plaintiff from obtaining counsel by "illegally filing on me to stop me from getting my from flatscreen TV" (Id. at 10-11).[6]

## The Standard of Review

Because the Plaintiff has applied to proceed without prepayment of the Court's filing fees and costs, her complaint is subject to pre-service screening pursuant to 28 U.S.C. § 1915. See Randolph v. Baltimore City States Atty., 2014 WL 5293708, at *2 (D. Md. Oct. 14, 2014), aff'd, Randolph v. New Technology, 588 Fed.Appx. 219 (4th Cir. 2014). On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an

---

[6] The Plaintiff repeats these allegations in an attachment to her amended complaint that purports to be a "Civil Rights Complaint" she filed with the Department of Homeland Security (See ECF No. 6-1 at 14-37). The Plaintiff also attached what appears to pertain to instructions for filing an administrative Freedom of Information Act appeal that concerned the Plaintiff's request for investigative case files maintained by the Department of Justice for "the Taylor family, Mary Elliott, James E. Elliott, State Farm, Franklin D. Taylor, Margaret Jean Smith, and Pat Clinton Fragile." (Id. at 38-42)

indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id. at 327-328. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Deference is given to *pro se* complaints. See Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) (A District Court should allow *pro se* plaintiffs reasonable opportunity to develop pleadings.); Coleman v. Peyton, 370 F.2d 603, 604 (4th Cir. 1965) (*Pro se* plaintiff should be given an opportunity to particularize potentially viable claims.). A *pro se* complaint may therefore be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521 (1972), *quoting* Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Where a *pro se* complaint can be remedied by an amendment, however, the District Court may not dismiss the complaint, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992).

## Discussion

As noted *supra*, this is the fourth time this Plaintiff has filed a complaint based on similar allegations contained in previous lawsuits she filed in this District. Clearly, this Plaintiff maintains her claims based on "fantastic or delusional scenarios" against the same or similar defendants named in her prior lawsuit(s). Neitzke at 327-328. As the undersigned had found in her prior lawsuit(s)[7], this Plaintiff still fails to substantiate her outlandish allegations with any facts

---

[7] See, e.g,, *Margaret Jean Smith v. US Federal Government Agencies, et al.*, case number 5:22-cv-00154, ECF No. 8.

supporting any cognizable claim for relief. As before, this Plaintiff continues to fail to comply with the general rules of pleading as set forth in Rule 8(a) of the Federal Rules of Civil Procedure[8] as it does not contain sufficient facts and circumstances showing that she is entitled to relief. In its ruling on the Plaintiff's appeal in her prior lawsuit, this Court observed that she failed to establish any facts relating to numerous claims, including but not limited to, her patent claims, an FBI conspiracy spanning thirty years, or that her civil rights were violated (see *Margaret Jean Smith v. United States of America, et al.,* No. 5:21-cv-00677, ECF No. 12). Nothing has changed in the case *sub judice* that causes the undersigned to deviate from his earlier findings and conclusions filed in her earlier civil actions concerning any of her claims, as the Plaintiff has merely reproduced the same allegations herein but with additional, yet no less delusional accusations. To that extent, the undersigned incorporates by reference the reasoning set forth in the prior proposed findings and conclusion (Id., ECF No. 6) as one of the bases for recommending dismissal of this action. Additionally, given the fact that this Court adopted those findings and conclusion regarding the Plaintiff's claims, including the additional 'claims' or allegations she raised in her objections to the undersigned's proposed findings and recommendation, the undersigned further finds that Plaintiff's previously adjudicated claims concern the same ones she raises against the Defendants specified herein.

The doctrines of *res judicata*, collateral estoppel and/or claim preclusion provide yet additional grounds that command dismissal of the Plaintiff's current civil action. The preclusive effects of the doctrines of *res judicata* and collateral estoppel are designed to promote judicial

---

[8] A pleading that states a claim for relief must contain:
    (1) a short and plain statement of the grounds for the Court's jurisdiction, unless the court already has jurisdiction and the claim needs no jurisdictional support;
    (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
    (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

economy, encourage reliance on judicial decisions, and relieve parties from the expense of multiple lawsuits. See <u>Parklane Hosiery Co. Inc. v. Shore</u>, 439 U.S. 322, 326, 99, S.Ct. 645, 649, 58 L.Ed.2d 552 (1979); Wright & Miller, § 131.12[4][a]. "Under *res judicata*, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." <u>Young-Henderson v. Spartanburg Area Mental Health Center</u>, 945 F.2d 770, 773 (4th Cir. 1991)(*quoting*, <u>Montana v. United States</u>, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). "The doctrine of *res judicata* encompasses two concepts: 1) claim preclusion and 2) issue preclusion, or collateral estoppel." See <u>Orca Yachts, L.L.C. v. Mollicam, Inc.</u>, 287 F.3d 316, 318 (4th Cir. 2002) (citing <u>In re Varat Enterprises, Inc.</u>, 81 F.3d 1310, 1315 (4th Cir. 1996) (internal citations omitted). Collateral estoppel "precludes relitigation of an issue decided previously in judicial or administrative proceedings provided the party against whom the prior decision was asserted enjoyed a full and fair opportunity to litigate that issue in an earlier proceeding." <u>In re McNallen</u>, 62 F.3d 619, 624 (4th Cir. 1995).

It is apparent that this case involves the same events or offenses complained of in the prior civil action(s) the Plaintiff has filed in this Court. "The test to determine whether a cause of action is the same is 'to inquire whether the same evidence would support both actions or issues[.]' " See <u>Harrison v. Burford</u>, 2012 WL 2064499, at *3 (S.D.W. Va. Jun. 7, 2012) (citations omitted). The undersigned finds that the Plaintiff's allegations or issues raised in the current civil action are the same as those presented in her prior civil action(s), she merely adds other defendants to bootstrap her prior claims. In short, the current case is barred by *res judicata*.

Alternatively, the undersigned finds the Plaintiff's statements or allegations are replete with "fantastic or delusional scenarios"[9] that warrants dismissal: even attempting liberal

---

[9] <u>Neitzke</u> at 327-328.

construction of the Plaintiff's allegations is an exercise in futility – from the undersigned's review, the Plaintiff recites statements that are "disconnected, rambling, and largely incoherent." See Kraim v. Virginia, No. 3:21-cv-00326, 2021 WL 3612305, at *2 (S.D.W. Va. Jul. 26, 2021) (Eifert, M.J.) (quoting Von Fox v. U.S. State Department, No. 2:16-cv-185-RMG-MGB, 2016 WL 11409536, at *4 (D.S.C. Feb. 16, 2016) ("The Complaint's allegations are, at best, difficult to follow. The Complaint's allegations are disconnected and nonsensical and appear to be the ramblings of a troubled mind."). Because the Plaintiff's amended complaint lacks any basis in fact and law, the undersigned finds and concludes that this matter should be dismissed.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Judge confirm and accept the foregoing findings and **RECOMMENDS** that the District Judge **DENY** the Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1), **DISMISS** the Plaintiff's amended complaint (ECF No. 6) and remove this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 106 S.Ct. 466, 475, 88 L.E.2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S.Ct. 899, 88 L.E.2d 933 (1986); Wright v. Collins, 766 F.2d 841 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.E.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Volk, and this Magistrate Judge.

The Clerk of this Court is directed to file this Proposed Findings and Recommendation and to send a copy of same to the *pro se* Plaintiff.

ENTER: February 23, 2024.

Omar J. Aboulhosn
United States Magistrate Judge